110 F.3d 64
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Steven M. JOHNSON, Plaintiff-Appellant,
v.
Johnny PERRY; Mark Waddell; Steve Haney; Michael O'Dea,
Defendants-Appellees.
 No. 96-5434.
 United States Court of Appeals, Sixth Circuit.
 March 27, 1997.
 
 Before: BROWN, BOGGS, and BATCHELDER, Circuit Judges.
 
 ORDER
 
 1
 Steven M. Johnson, a Kentucky prisoner proceeding pro se, moves for counsel on appeal from a district court order sua sponte dismissing his civil rights complaint filed under 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Johnson alleged that his First, Fifth and Fourteenth Amendment rights have been violated. Specifically, he claimed that he was denied adequate access to the law library at the Eastern Kentucky Correctional Complex at a critical time, just before the running of Kentucky's one-year statute of limitations on a malpractice and negligence action he wished to file against a physician (Dr. Noe) at the Northpoint Training Center (NTC) and the Kentucky Department of Corrections. He also claimed that he was issued several misconduct tickets in retaliation for having filed grievances relating to the denial of his access to the prison law library. He sought monetary and equitable relief.
 
 
 3
 The matter was referred to a magistrate judge who issued a report recommending that the complaint be dismissed as frivolous pursuant to 28 U.S.C. § 1915(d) (current version at 28 U.S.C. § 1915(e)(2)(B)(i) (1996)). Upon review of Johnson's objections, and the report and recommendation, the district court dismissed the complaint as frivolous pursuant to 28 U.S.C. § 1915(d). This appeal followed.
 
 
 4
 Initially, we note that Johnson does not raise his retaliation claim on appeal. Issues which were raised in the district court, yet not raised on appeal, are considered abandoned and not reviewable on appeal. Boyd v. Ford Motor Co., 948 F.2d 283, 284 (6th Cir.1991), cert. denied, 503 U.S. 939 (1992).
 
 
 5
 Upon review, we conclude that the district court did not abuse its discretion when it dismissed Johnson's complaint as frivolous under § 1915(d). Denton v. Hernandez, 504 U.S. 25, 33-34 (1992). A complaint may be dismissed as frivolous under § 1915(d) if it is premised on a non-existent legal interest or a delusional factual scenario. Neitzke v. Williams, 490 U.S. 319, 325 (1989).
 
 
 6
 An inmate has a constitutional right of meaningful access to the courts. Knop v. Johnson, 977 F.2d 996, 1002-03 (6th Cir.1992), cert. denied, 507 U.S. 973 (1993). Absent a systemic and utter denial of that right, a prisoner must normally show prejudice to pending litigation in order to state a claim for the denial of access to the courts. See Blaise v. Fenn, 48 F.3d 337, 340 (8th Cir.1995).
 
 
 7
 In this case, Johnson did not set forth that he was actually prejudiced in that he was in some way incapable of forwarding to the court a pleading that was sufficient enough to apprise the court of the claims he wished to bring against Dr. Noe and to stop the statute of limitations from running on the matter. In fact, Johnson did not set forth any facts establishing that he forwarded any kind of a complaint to any court with regard to this matter in an attempt to toll the statute of limitations, which appears to have been his major concern.
 
 
 8
 The right of access guarantees access to the courts and not the prison law library. Walker v. Mintzes, 771 F.2d 920, 932 (6th Cir.1985). An inmate who claims his access to the courts was denied merely because he was denied access to the prison law library fails to state a claim absent any showing of prejudice to his litigation. Id. Thus, to the extent that Johnson brings his constitutional claims based on allegations that he was denied access to a law library, absent any showing of prejudice, his complaint was insufficient to go forward. Consequently, the district court did not abuse its discretion when it dismissed the complaint as frivolous.
 
 
 9
 Accordingly, the motion for counsel is denied, and the district court's order is affirmed pursuant to Rule 9(b)(3), Rules of the Sixth Circuit.